UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN A. WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6048** |
| **CRIMINAL SHERIFF ORLEANS PARISH MARLIN GUSMAN** | **SECTION "N"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Kevin A. Washington, filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman. Washington alleges that he was incarcerated in a cell in the Templeman Jail, Phase I, within the Orleans Parish Prison system at the time of the events that form the basis of this lawsuit. Specifically, Washington seeks monetary damages for the alleged untimely evacuation and unsafe conditions of confinement as a result of Sheriff Gusman's negligence during Hurricane Katrina.

**II.     Procedural Background**

On December 20, 2006, this Court set a Spears Hearing for January 16, 2007.  (*See* Rec. Doc. No. 24).  However, on January 16, 2007, the Court was notified that Washington was discharged on January 12, 2007.  By Order, the Court cancelled the Spears Hearing and directed the Clerk to send a copy of the Order to Washington at his last known address of 2024 St. Anthony Street, New Orleans, Louisiana, 70116.  This letter was returned to the Court on February 15, 2007.  The letter was marked "vacant" and "unable to forward."  (*See* Rec. Doc. No. 26).  There has been no communications from Washington since he left OPP.

**III.    Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id.*  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).  In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The Clerk of Court sent copies of the Court's Orders to Washington at the only address provided to the Court.  Washington was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page seven of his complaint where he signed the Plaintiff's Declaration on October 15, 2005.[1]  The Local Rules of this Court also require that a plaintiff provide

---

[1] The plaintiff's declaration states that "I understand that if I am transferred or released, I must apprise the Court of my address and my failure to do so may result in this complaint being dismissed."  (Rec. Doc. No. 1 at 7).

the Court with a current address or face dismissal of the case. *See* L.R. 41.3.1E. Washington has not notified the Court of an appropriate address or any means of contacting him since he was released from Orleans Parish Prison over four months ago. Accordingly, dismissal of Washington's § 1983 complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Washington's Title 42 U.S.C. § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __30th__ day of _____April_____, 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**